UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CANDICE McGOWAN GRIMSLEY and
ROBERT GRIMSLEY,

                     Plaintiff(s),

        -against-

NATIONS RECOVERY CENTER, INC.,

                     Defendant.

------------------------------------------------------------X

*Class Action*
**COMPLAINT**
08-cv-5905

## INTRODUCTION

1.     Candice McGowan Grimsley and Robert Grimsley seek redress for the illegal practices of Nations Recovery Center, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

## PARTIES

2.     Plaintiffs are citizens of the State of Virginia.

3.     Plaintiffs are "consumers" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiffs is a consumer debt.

4.     Upon information and belief, Nations Recovery Center, Inc. is a Georgia corporation with its principal place of business located in Atlanta, GA.

5.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers nationwide and regularly engages in business the City and State of New York.

6.     Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## JURISDICTION

7. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c), as the defendant conducts business in this district and has sufficient ties to the jurisdiction and as the acts and transactions that give rise to this action occurred, in substantial part, in this jurisdiction.

## AS AND FOR A FIRST CAUSE OF ACTION

8. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-7 as if set forth fully in this cause of action.

9. That a personal debt was allegedly incurred by the plaintiffs from an unidentified creditor.

10. That at a time unknown to the plaintiffs herein, the aforementioned debt was referred and/or assigned to the Defendant for collection.

11. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the plaintiffs.

12. That on or about, March 13, 2008, Defendant's agent left a voice mail with the plaintiffs.

13. That, in the voice mail, Defendant's agent represented herself as "*Nicole*".

14. That "*Nicole*" falsely and deceptively represented that she was a "*paralegal from the Shenandoah County District Attorney's Office*" and representing "*Attorney David Jones*".

15. That, "*Nicole*" stated that the phone call regarded a "*motion for civil deposition*".

16. That "*Nicole*" falsely threatened and implicated criminal conduct by stating that the motion is being brought against the plaintiff's "*before you are[sic] indicted,*" "and that they would be subject to a summons by the "*Shenendoah County Sheriff's Department*". (emphasis added).

17. That "*Nicole*" further stated, "*you are required to reach my office no later than Friday, March 14 at 11am*" in order "*to appear for this case [sic]*".

18. That "*Nicole*" told the Plaintiff to call back the number 800.935.1139, a number belonging to the Defendant and is the same number listed on the Defendant's letterhead.

19. That the message failed to state that the call is from a debt collector as required by law.

20. Defendants conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (c), (d), (e), (f), and (g) in that communications to the plaintiff by the defendant fail to advise the consumer of his rights, and are false, deceptive, unfair, threatening and suggestive of criminal behavior, and made in furtherance of attempting to collect a consumer debt by means of duress and harassment.

21. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, defendant is liable to the plaintiff and all members similarly situated for statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus actual damages and treble damages, costs and attorney's fees.

## CLASS ALLEGATIONS

22. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-19 as if set forth fully in this cause of action.

23. This cause of action is brought on behalf of Plaintiffs and the members of a class.

24. The class consists of consumers who received telephone calls and messages from the Defendant which used false, deceptive, unfair, threatening methods and suggestive of criminal behavior when collecting debt.

25. The class consists of all persons whom Defendant's records reflect resided in the United States and who received a telephone message (a) from one of the defendant's collection representatives who used false, deceptive, unfair, threatening methods and/or suggestive of criminal behavior when collecting debt similar to the message for the plaintiffs (b) the message was left concerning the seeking payment of an alleged debt and failed to provide proper disclosures as required by the FDCPA; and (c) that the message contained violations of 15 U.S.C. 1692 et seq., subsections c, d, e, f, and/or g.

26. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    (A) Based on the fact that telephone messages are at the heart of this litigation, the class is so numerous that joinder is impracticable.

    (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members.

    (C) The only individual issue is the identification of the consumers who received the message, (i.e. the class members), a matter capable of ministerial determination from the records of the defendant.

    (D) The claims of the plaintiffs are typical of those of the class members. All are based on the same facts and legal theories.

    (E) The plaintiffs will fairly and adequately represent the class members' interests. The plaintiffs have retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

27. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

28. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

29. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

30. The defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

31. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiffs and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

**WHEREFORE,** plaintiff respectfully prays that judgment be entered against defendant in the amount of:

   (a) Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the first cause of action.

   (b) Actual damages and treble damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the first cause of action.

   (c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   (d) For such other and further relief as may be just and proper.

Dated: June 24, 2008

_____

Amir J. Goldstein, Esq.

**Attorney for the Plaintiff**

591 Broadway, #3A

New York, New York 11012

(212) 966- 5253 phone

(212) 941- 8566 fax

Plaintiff requests trial by jury on all issues so triable.

_____

Amir J. Goldstein  (AG-2888)